UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THU VAN DINH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1059-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's motion to lift the stay and dismiss movant's motion to vacate, set aside, or correct sentence. Movant has not responded to the motion, and the time for doing so has passed. For the following reasons, the government's motion will be granted.

On June 30, 2016, movant filed his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant asserted that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Movant argued that his prior convictions in California for first degree burglary were no longer a crimes of violence for purposes of the career offender provisions of the United States Sentencing Guidelines § 4B1.2(a) after *Johnson*.

On the same date as he filed his § 2255 motion, movant filed a motion to stay the proceedings pending the United States Supreme Court's decision in *Beckles v. United States*. On August 1, 2016, the Court granted movant's motion to stay the proceedings pending the *Beckles* decision, and ordered movant to give notice to the Court within twenty-eight days of the Supreme Court's decision.

On March 6, 2017, the Supreme Court issued its decision in *Beckles*, 137 S. Ct. 886 (2017). The Supreme Court held the advisory Guidelines' residual clause remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015), because unlike the Armed Career Criminal Act, "the advisory Guidelines do not fix the permissible range of sentences," and "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892. "The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Movant never informed the Court of the *Beckles* decision. On March 28, 2019, however, the government filed the instant motion requesting that the Court lift the previously entered stay and dismiss movant's § 2255 motion in light of the *Beckles* decision. Movant has not responded to the motion.

Because the Supreme Court in *Beckles* held the advisory Guidelines' residual clause in the career offender provision § 4B1.2(a)(2) was not void for vagueness, the clause remains valid after *Johnson*. Thus, the Court finds that movant's § 2255 motion is without merit. The Court will grant the government's motion to lift the previously imposed stay and dismiss movant's § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** the government's motion to lift stay and dismiss the motion to vacate sentence is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that the stay previously imposed in this case is **LIFTED**.

**IT IS FURTHER ORDERED** that movant's motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __5th__ day of April, 2019.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE